UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>MARGARET LAGROW,<br><br>Defendant(s). | Case No. 2:12-CR-333 JCM (GWF)<br><br>ORDER |

Presently before the court is defendant Margaret Lagrow's motion requesting early termination of supervised relief. (ECF No. 30). The government has filed an opposing response, (ECF No. 31) and defendant has filed a reply (ECF No. 32).

On January 25, 2013, defendant pled guilty to five counts of bank robbery and was sentenced on April 25, 2013, to 27 months in custody and three years of supervised release per count, to run concurrently. (ECF Nos. 8, 21, and 26). This court also imposed restitution in the amount of $9,176.00 against defendant. (ECF No. 29). The defendant began her term of supervised release on April 8, 2015. (ECF No. 31).

Currently, defendant has completed over half of her term of supervised release. (*Id.*). Defendant offers that she has never violated the terms of her supervised release, has stopped gambling, made other efforts at self-improvement, and appears to have satisfied all conditions of her supervision except for her restitution obligation. (ECF No. 30). Defendant and her husband wish to move to Arkansas to be closer with their youngest son, who has a daughter and "is helping to raise his step-son who has autism." (ECF No. 30 at 3). Defendant asserts that it is her intention to help support her son and grandchildren. (*Id.*).

The government argues that defendant has not completed a sufficient duration of her term of supervised release, has not shown any exceptionally good behavior on supervision, and still owes roughly $8,600 towards restitution at the time of the government's filing. (ECF No. 31).

**James C. Mahan**
**U.S. District Judge**

Further, the government represents that the defendant's supervising probation officer has indicated to it that the officer opposes early termination of defendant's supervised release. (*Id.*). Finally, the government argues that defendant has already received leniency from this court through her sentence. (*Id.*); *see also* (ECF No. 32 at 2) (mentioning that defendant was sentenced to 27 months in custody although the probation office recommended a sentence of 36 months in custody).

Defendant replies to the government's filing, arguing that the case law cited by the government is inapplicable to the current case, defendant would have difficulty paying the restitution because she is not working, the probation officer's opposition is some kind of an "about-face," the original crime was nonviolent, and defendant had no issues during pretrial release. (ECF No. 32 at 4).

Pursuant to 18 U.S.C. § 3583(e), the court may, after considering the factors set forth in 18 U.S.C. § 3553(a), terminate supervised release after one year "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *see also United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).

Considering the factors articulated by § 3553(a), this court finds that defendant has failed to show that an early termination of supervised release is "warranted by the conduct of the defendant" and is in "the interest of justice." 18 U.S.C. § 3583(e)(1).

Defendant has completed only a small fraction of her original restitution sentence of $9,176. (*See* ECF Nos. 29, 31). The defendant, in her reply, does not offer any updated amount of restitution still owed; instead, she simply refers to the government's cited amount of $8,600. (ECF No. 32). Indeed, defendant's satisfaction of such a small portion of the original restitution sentence indicates that there is still a "need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7).

Furthermore, defendant acknowledges that this court was lenient when imposing the current sentence. (*See* ECF No. 32 at 2) ("Ms. LaGrow was sentenced to 27 months in custody. Probation had suggested a sentence of 36 months in custody."). Granting further leniency would not reflect "the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," or allow "adequate deterrence to criminal conduct." 18 U.S.C. §§ 3553(a)(2)(A)–(B); *see also* 18 U.S.C. § 3553(a)(4).

Defendant argues that the government's offered case law is inapplicable to the present case, yet notably offers none of her own. (*See* ECF Nos. 30, 32). Additionally, the defendant's motion

**James C. Mahan**
**U.S. District Judge**

- 2 -

for termination of supervised release, in light of her apparent goal to move to Arkansas, requests gratuitous relief.  Indeed, this court questions why a motion to transfer jurisdiction to the applicable Arkansas federal district would not be a more appropriate action in this case.  *See* 18 U.S.C. § 3605.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for early termination of supervised release (ECF No. 30) be, and the same hereby is, DENIED.

DATED November 15, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**