James C. Mahan
U.S. District Judge

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:12-CR-333 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| MARGARET LAGROW, | |
| Defendant(s). | |

Presently before the court is defendant Margaret LaGrow's motion for early termination of supervised release. (ECF No. 34). The government has not filed a response, and the time for doing so has since passed.

On January 25, 2013, defendant pled guilty to five counts of bank robbery. (ECF Nos. 8, 21). On April 25, 2013, the court sentenced defendant to 27 months in custody and three years of supervised release per count, to run concurrently. (ECF No. 26). The court imposed restitution in the amount of $9,176.00. (ECF No. 29). The defendant began her term of supervised release on April 8, 2015. (ECF No. 31).

Defendant's term of supervised release is set to expire on April 8, 2018. (ECF No. 34). Defendant's never violated the terms of her supervised release, stopped gambling, made other efforts at self-improvement, and appears to have satisfied all conditions of her supervision except for her restitution obligation. *Id.* Defendant's motion states that her husband's continuing job status is uncertain. *Id.* In the event he loses his job, they cannot afford to continue to live in their current apartment. *Id.* Defendant has very limited financial means and does not have back-up housing in Las Vegas in the event her and her husband are evicted. *Id.* Defendant and her husband

want to be able to move to Arkansas on short notice to live with their youngest son in the event they cannot afford to shelter themselves. *Id.*

Pursuant to 18 U.S.C. § 3583(e), the court may terminate supervised release after one year "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *see also United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).

Here, defendant's motion demonstrates that early termination of supervised release is "warranted by the conduct of the defendant" and is in "the interest of justice." 18 U.S.C. § 3583(e)(1).

Defendant has completed all of the conditions of her supervision with the exception of finishing her restitution obligations. (*See* ECF No. 34). Upon her release from incarceration, defendant attended Bridge Counseling and a counseling program at Choices. *Id.* Defendant also attended Gamblers Anonymous meetings, and has not gambled since prior to her incarceration. *Id.* Defendant graduated from new Frontier Treatment Center, obtaining certificates for completion of residential treatment and gambling treatment. *Id.* She currently pays $100 per month towards her restitution obligation. *Id.*

Defendant's motion demonstrates good cause for termination of supervised release. *See Emmett*, 749 F.3d at 819. Her conduct while on supervision demonstrates a desire and willingness to rehabilitate herself and re-integrate into society. She no longer receives any services from the probation department, and her supervision consists of completing monthly online supervision reports. (ECF No. 34). Further, termination of supervised release is in the interest of justice. Defendant currently has two months left of supervision, and early termination will ease her family's ability to solve their current housing predicament.

This order has no impact on defendant's restitution obligation and schedule of payments.

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for early termination of supervised release (ECF No. 34) be, and the same hereby is, GRANTED.

DATED February 21, 2018.

_____
UNITED STATES DISTRICT JUDGE